IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CRAIG MENDENHALL | § | |
| v. | § | CIVIL ACTION NO. 5:07cv44 |
| WARDEN WILSON, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>

The Plaintiff Craig Mendenhall filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On May 14, 2007, Mendenhall filed a motion for injunctive relief, saying that he is in need of counseling for a sexual assault which he suffered, but that he has been told that such counseling is not available at the Clements Unit, where he is currently confined. He attached copies of grievances wherein he was told that counseling specifically for victims of sexual assault is not available at the Clements Unit. The responses to his grievances go on to state that Mendenhall has received counseling for mental health issues on several occasions and that he was prescribed an anti-depressant medication called Celexa, but that Mendenhall asked to be taken off of this medication because of the side effects. Mendenhall asked that the Court order that he received "meaningful sexual assault victim counseling."

On June 11, 2007, the Magistrate Judge issued a Report recommending that the motion for injunctive relief be denied. After setting out the applicable standards for preliminary injunctive relief, the Magistrate Judge concluded that Mendenhall had not shown a substantial likelihood that he would prevail on his claims, nor a substantial threat of irreparable injury. The

Magistrate Judge stated that the fact that the specific type of counseling which Mendenhall wants is not available does not give rise to a claim for injunctive relief.

In addition, the Magistrate Judge noted that Mendenhall is at the Clements Unit, which is in Amarillo, outside of the territorial jurisdiction of the Eastern District of Texas, and so the Court lacks *in personam* jurisdiction over individuals at that unit. Furthermore, none of the persons sought to be enjoined, who are officials at the Clements Unit, are parties to this lawsuit or acting in privity with parties to the lawsuit. Finally, the Magistrate Judge said that Mendenhall had not shown that the proposed injunctive relief would not disserve the public interest, in that it would represent a substantial inference in the operation of a state agency by the federal judiciary.

Mendenhall filed objections to the Magistrate Judge's Report on June 25, 2007. In his objections, he says first that the Report was issued without any type of responsive pleadings by the Defendants. He says that he has not received any form of counseling, although he concedes that he was placed on Celexa, from which he was removed due to the side effects. He contends, for the first time in his objections, that he has been told that the State would not provide sexual assault counseling because this would "show the liability of the State and its admission of the sexual assault." Mendenhall says that while it is true that he is now confined outside of the Eastern District of Texas, he has been told that the counseling which he seeks is not available at the Clements Unit, and so he could be transferred to a unit where such counseling is available.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). In addition, there is no constitutional right to be housed at any particular penal institution within the state. Meachum v. Fano, 427 U.S. 215, 224 (1976); *see also* Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Like the Magistrate Judge, this Court does not in any way minimize Mendenhall's trauma or suggests that it is insignificant; however, Mendenhall has not shown the

extraordinary circumstances required for a grant of injunctive relief by a federal court against a state agency.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all relevant documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion and amended motion for a temporary restraining order or preliminary injunction (docket no.'s 4 and 8) and his motion for an order to the prison to allow him to purchase stamps (docket no. 9) are hereby DENIED.

**SIGNED this 6th day of July, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE