IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG MENDENHALL | § | |
| v. | § | CIVIL ACTION NO. 5:07cv44 |
| WARDEN JOSEPH WILSON, ET AL. | § | |

ORDER

The Plaintiff Craig Mendenhall has filed a motion to compel discovery on October 29, 2008, following this with a motion for extension of time to complete discovery on November 10, 2008. During that time, counsel for the Defendants sent replacement discovery, along with additional documents, to the Plaintiff.

The Plaintiff's motion to compel was rendered moot by the provision of the replacement documents by the Defendants. In his motion for extension of time, Mendenhall complains that the documents sent to him are "useless" because they include the shift rosters listing some 175 officers, and the officers whom he is trying to identify were not wearing name tags. He asks that the Court order a line-up of all 175 officers working at the unit at that time, and for a list of all officers who have been fired or resigned since October of 2006, and seeks a 120-day extension of time in which to accomplish this. Alternatively, Mendenhall asks for appointment of counsel and an investigator.

Mendenhall's request for a line-up is not feasible, and he does not explain how a list of the officers who have been fired or resigned would be of any utility, given his own statement that the officers involved in the incident were not wearing name tags. The Fifth Circuit has held that civil rights plaintiffs have no automatic right to appointment of counsel unless the case presents exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Mendenhall has not shown exceptional circumstances justifying appointment of counsel, nor any basis for a 120-day extension of time in which to complete discovery. It is accordingly

1

ORDERED that the Plaintiff's motions to compel (docket no. 46) and motion for extension of time to complete discovery (docket no. 51) are DENIED. The parties are reminded that the duty of disclosure is a continuing duty and that additional information must be promptly disclosed as it comes to light.

**SIGNED this 17th day of December, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE